On Rehearing.
InsiiET, J.
The plaintiffs, butchers, had furnished the steamboat JR. W Powell, with meat and supplies, amounting, as per detailed bill, to the sum of three hundred and forty-seven dollars and sixty-seven cents, for which they claimed a judgment, with privilege on the tackle, apparel and machinery saved from the wrecked boat, and which they caused to be sequestered.
Weibling, one of the defendants, pleaded a general denial, and denied specially that the plaintiffs had any privilege as claimed by them. He called in warranty his co-defendant, Shannon,
Shannon for answer to the original petition and call in warranty, pleaded the general issue, admitting, however, his sole liability for all the debts of the B. W. Powell, but denied specially that the plaintiffs had any claim upon her, or her owners.
John Hughes intervened in the suit, and claimed ownership and possession of the tackle, apparel and machinery sequestered, having purchased them from the underwriters.
The plaintiffs had judgment in the lower Court against the defendants in solido, without privilege, the intervenor being decreed owner of the property sequestered, not subject to any lien.
Shannon, the warrantor of Weibling, his co-defendant, was condemned to pay him the amount of the plaintiffs’claim, and Shannon alone appealed.
The plaintiffs’ claim was established by Weibling, whose testimony, objected to in the lower Court, was, in our first decree, declared to have been properly admitted.
The judgment as between the plaintiffs and the intervenor is final, as the latter is no party to this appeal; and had he been made an appellee, the judgment in favor of the plaintiffs could not have been amended to allow them a privilege on the property sequestered, as this Court is only seized of jurisdiction to amend a judgment as between appellant and appellee and not as between appellees. 16 An. 193.
The judgment of the lower Court must be affirmed, so far as it affects the plaintiffs, the defendants and the warrantor.
It is therefore ordered, adjudged and decreed, that our first judgment in this case be set aside, and that, the judgment rendered by the District Court in favot of the plaintiff's against the defendants, and in favor of Weibling against his warrantor, Shannon, be and the same, is hereby affirmed, at the costs of the appellant.